RAUSCH, APPELLANT, *v.* RAUSCH, RESPONDENT.

[Submitted February 26, 1894. Decided April 9, 1894.]

ESTOPPEL—*Equitable title—Dower.*—A wife who administers upon the estate of a husband, to whom she supposed she was lawfully married, and returns as belonging to him property which he had purchased with her money, wrongfully taking the title in his own name, and allows the same to be set apart by the court as her homestead, is not thereby estopped from asserting an equitable title to the property as against the lawful wife seeking to enforce a dower right therein.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION to enforce dower. The cause was tried before BUCK, J. Defendant had judgment below. Affirmed.

*McConnell, Clayberg & Gunn,* for Appellant.

I. The respondent having petitioned the probate court to have the property in controversy set apart to her as a homestead, and said petition having been granted and an order of the probate court having been made setting said property apart to her as a homestead, she cannot now be heard to say that George Rausch was not seised and possessed of said property in his own right at the time of his death. The probate court must have found before making said order that said property was a part of the estate of George Rausch, deceased, and the respondent is concluded by this finding. " Necessary and inevitable inferences—facts without which the judgment could not have been rendered—are equally covered by the estoppel as if they were specifically found in so many words." (2 Black on Judgments, § 613.) Under the statutes of this

state, the court is only authorized to set apart as a homestead property belonging to the estate. The respondent having presented proof by her verified petition invoked the adjudication of the court that this property was a part of the estate of George Rausch, deceased, and obtained an order based on this fact she is now estopped from asserting otherwise. (*McDonald* v. *Rainor*, 8 Johns. 442; 2 Black on Judgments, § 632.) Orders of the probate court are conclusive of the facts found and of the facts necessary to the making of said orders. (2 Black on Judgments, § 633.) The respondent upon the plainest principles of justice and under all the decisions is estopped by the said order of the probate court made in her favor, and obtained upon her petition from disputing the facts upon which said order rests and necessary to the making thereof.

II. The respondent having stated in the probate court, under the solemnity of an oath, that this property was the property of another whose estate she was administering upon; and this same property having been appraised as the property of said estate, upon her application; the respondent having gone still further and asked the court to set apart this property to her as a homestead, and claimed she was entitled to it out of the property of George Rausch, deceased, and an order having been made setting said property apart to her as a homestead upon her petition, and she having taken the benefits of said order, she is now estopped from claiming it as her separate property. The respondent's previous conduct and her assertions are wholly inconsistent with the fact that this property was her own individual and separate property, or that George Rausch held it in trust for her. An administratrix who finds property among the assets of an estate and takes possession of it as the property of the estate, laying no claim to it herself, is estopped from setting up her claim adverse to the estate. (*Miller* v. *Jones*, 26 Ala. 247; *Manigault* v. *Deas*, 1 Bail. Eq. 283; Bigelow on Estoppel, 3d ed., 435; *Benjamin* v. *Gill*, 45 Ga. 110; 2 Herman on Estoppel, § 1125, p. 1261, and numerous cases cited in note.)

III. The respondent having accepted this property as a homestead under said order of the probate court, and having

gone into possession, and continuing to hold the same, as found by the court, is estopped from asserting a title paramount to that of the estate. (*Phelan* v. *Kelley*, 25 Wend. 389; *Jackson* v. *Streeter*, 5 Cow. 529; 2 Devlin on Deeds, 1289.) The court having found that the appellant was the lawful wife of George Rausch, deceased, at the time of his death we respectfully submit that under the other findings of fact made by the court said appellant is entitled to her dower interest in said property. The right of the wife to dower in the lands of which her husband was seised during coverture is given by the Act of February 11, 1876, and affirmed by the supreme court in *Chadwick* v. *Tatem*, 9 Mont. 354.

*George F. Shelton*, for Respondent.

I. The plaintiff forfeited her right to dower by the fact that she and said George Rausch separated in 1861, and in 1878 she married again, not having met or cohabited with her first husband after such separation. If a woman leaves her husband of her own free will, and afterwards lives in adultery, the dower is forfeited. (2 Scribner on Dower, 533 et seq.; *Hetherington* v. *Graham*, 6 Bing. 135; *Woodward* v. *Dowse*, 10 Com. B., N. S., 722.) The statute, 13 Edw. 1, 34, commonly called the statute of Westminster the 2d, upon which the above decisions are based, has been recognized as a part of the American common law, when no re-enactment has been made in terms. (*Bell* v. *Nealy*, 1 Bail. 312; 19 Am. Dec. 686; *Reel* v. *Elder*, 62 Pa. St. 308; 1 Am. Rep. 414.) The common law of England has been adopted by express enactment in Montana. (Comp. Stats. 647.) The common law as adopted by the legislature of Montana included such British statutes of a general nature not local to that kingdom or not in conflict with the constitution or laws of the United States, nor of the territory as were in force at the time of the independence of the United States. (*Bent* v. *Thompson*, 138 U. S. 114; *Wilson* v. *Davis*, 1 Mont. 193.) The principle that a wife who voluntarily leaves her husband and lives in adultery with another man cannot be heard afterwards to claim an interest in his estate by the application of a doctrine analogous to that of equitable estoppels has been uniformly recognized

by the courts. (*Arthur* v. *Israel*, 15 Col. 147; 22 Am. St. Rep. 381; *Duke* v. *Reed*, 64 Tex. 705; *Prater* v. *Prater*, 87 Tenn. 78; 10 Am. St. Rep. 623; *Odiorne's Appeal*, 54 Pa. St. 175; 93 Am. Dec. 683; *Garner* v. *Garner*, 38 Iud. 139.)

II.   The doctrine of estoppel invoked by appellant is without foundation in law or fact.   It is claimed that respondent is estopped by the inventory and petition to set aside homestead from asserting title in herself.   That there is no merit in this contention is established by numerous and well-considered authorities. (*Anthony* v. *Chapman*, 65 Cal. 73; *In re Bauer's Estate*, 79 Cal. 311; *Baker* v. *Brickell*, 87 Cal. 342; *Haley* v. *Gatewood*, 74 Tex. 281; *Carter* v. *McManus*, 15 La. Ann. 676; *Werkheiser* v. *Werkheiser*, 3 Rawle, 326.)   The doctrine of estoppel is based upon the principle that some one will be legally injured by permitting another to speak the truth, but inasmuch as appellant could, under no conceivable state of facts, have any greater or better title than George Rausch, and as he had no title at all as against respondent, appellant has suffered no injury and respondent has only received tardy justice.

HARWOOD, J.—This case involves a claim by plaintiff to a dower interest in certain lands situate in Helena, Lewis and Clarke county, in the possession of defendant, who claims to be the sole and exclusive owner thereof.   On the trial of the action in the district court findings of fact were made, and thereon judgment was entered in favor of defendant, in effect adjudging that plaintiff had made out no right of dower in the premises in question; and therefore adjudging defendant's title quieted as against said claim of plaintiff.   Plaintiff appealed from the judgment, insisting, in this court, that, according to the findings of fact, the judgment should have been rendered in her favor, establishing her claim of dower in said premises.

In brief, the facts as presented by the findings are as follows: That plaintiff and George Rausch were married in Austria, August 28, 1847; that about five years thereafter George immigrated to America, where he was joined later by plaintiff, his wife; they lived together in Milwaukee, Wisconsin, some time, and afterwards in Denver, then territory of Colorado,

where, in the year 1861, these spouses separated, as found by
the court, each apparently going his and her own way, as subse-
quent events seem to imply, to seek their fortunes respectively,
independently of one another, and, as the findings recite, never
met again.   The findings further show that George Rausch
came to Montana, and in the course of events, about the year
1868, married the woman who is defendant in this action, rep-
resenting to her that his former wife was dead, and that there
was no legal impediment to his marriage with Eliza, this
defendant; that the latter marriage was solemnized by a priest
of the Roman Catholic church, in the city of Helena, then
territory of Montana; that at the time of this marriage, as the
findings show, defendant Eliza Rausch was possessed of money
of her own earnings, acquired prior thereto, to the amount of
about two thousand two hundred and fifty dollars, and that said
George Rausch, at the time of his marriage with Eliza, had
nothing in the nature of money or property, not even sufficient
means for his own maintenance, and after such marriage he was
supported entirely by the property and earnings of defendant,
Eliza, until his death, which occurred in September, 1887;
that, on a certain occasion after said last-mentioned marriage,
defendant, having concluded to buy the property in question,
delivered to said George Rausch, out of her own funds, money
sufficient to purchase the same, with direction to purchase it
and have the title conveyed to her name, which he promised to
do; that said George Rausch with such funds purchased the
property in question from the probate judge holding, as trus-
tee, the townsite of Helena, but caused the title of said prop-
erty to be conveyed to him, the said George Rausch, instead
of defendant, contrary to the express agreement between said
George and Eliza when the money was delivered to him to buy
said property; that some time afterwards, when defendant dis-
covered that the title had been placed in the name of George
Rausch, she was assured by him that it was all right; that
defendant was unable to read or write, and was ignorant as to
her legal rights in the premises; and the title to said property
remained in the name of George Rausch until he died in 1887.
Upon his death, administration proceedings were had as to
said property in his name, and, among other things, the prop-

erty in question was, by order of the probate court having jurisdiction thereof, set apart to defendant as her homestead, she then being the supposed wife of the deceased, George Rausch.

While these events were transpiring in reference to the history of George Rausch, the plaintiff in this action, Johannah Catherine Rausch, as appears from the findings, sought also to carve out her fortune in the great western hemisphere, independently of George, her husband, and, among other events, at Laramie City, Wyoming, entered into marriage bonds with one Patrick G. Murphy, and lived with him in that relation about seven years, when she obtained a divorce from him in the courts of that jurisdiction, on the ground of his desertion and failure to support her.

Now, after all these events, and after the death of Rausch, plaintiff asserts her claim to dower right in said property, purchased with defendant's money, in the city of Helena, and has instituted this action to enforce such dower claim. Defendant Eliza, in opposition thereto, set up, not only the proceedings setting said property apart to her as her homestead by order of the probate court, but also alleging her equitable right to said property by reason of its having been purchased with her money as aforesaid; all of which facts are found, and are admitted to be true as the case now stands. But plaintiff's counsel insist that defendant, having administered on the estate of George Rausch, and returned said property in the lists as property belonging to his estate, and having allowed the same to be set apart as her homestead, under her supposed right as the wife of George Rausch, is thereby estopped from now asserting that said property was not, in fact or in equity, the property of George Rausch, but that she was, and still is, the equitable owner thereof, independently of her supposed relation to Rausch by marriage.

The estoppel proposed to bar the assertion of defendant's equitable right to said property cannot be maintained. The position taken by plaintiff's counsel throughout the argument of this case is that defendant was never the lawful wife of Rausch; that her marriage with him was void in law. But that she was deceived and acted innocently, and without knowledge of any legal impediment to such marriage, is not

disputed. Such appears to have been the view held by the trial court, and is not controverted by defendant's counsel, and there seems to be no ground upon which to question its correctness. Then, admitting that defendant was never the lawful wife of Rausch, the acts and proceedings in reference to his estate in favor of defendant, based upon the assumption that she was his lawful widow, must have been void. But those void proceedings were brought about by deception and imposition practiced upon defendant, Eliza, an innocent and injured party. That nominal marriage of George Rausch with defendant, and the proceedings based upon that false assumption, being void, what were their relations in respect to said property? It would seem to be that of one person receiving money as agent for another, and with direction and understanding that such funds should be invested in the purchase of certain property for, and the title thereto conveyed to, the party furnishing the purchasing price; but, contrary to such understanding and the right of the party furnishing the money, the agent causes the title of said property to be conveyed to his own name. Under such conditions, the legal title is held by the latter, as trustee for the former, and such trust will be enforced, to the end that the equitable owner be invested with the title of his or her own estate.

There is no principle of estoppel to bar defendant, under the conditions shown in this case, from asserting her right to said property. If so, then she is estopped by having suffered wrongs and imposition through the misconduct of others in matters wherein she was innocent and deceived; and the law of estoppel, so operating, would augment her injury. Such is not the office of estoppel. It is interposed against guilty conduct to prevent imposition, deception, and injury to others acting in good faith in reference to the same subject. Nor does it appear that any disadvantage resulted to plaintiff from the events recited. Nor is her conduct as free from question as that of defendant, against whom no suspicion of bad faith or guilty knowledge is suggested. For, as appears from the findings of fact, plaintiff not only entered into formal marriage relations with said Murphy after she and Rausch separated (although it is found that she believed Rausch dead when she

married Murphy), but "long before the death of Rausch, and prior to plaintiff's divorce from Murphy, she knew that George Rausch was alive, and was living with defendant as her husband." But there is no showing that defendant was given any information as to the relation which existed between plaintiff and said Rausch.

There is no ground shown upon which plaintiff can recover. Let the judgment stand affirmed.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concurred.